# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 19-456V
(not to be published)

---

DARRELL BARRETT,

                    Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                    Respondent.

---

Chief Special Master Corcoran

Filed: February 26, 2021

Special Processing Unit (SPU);
Attorney's Fees and Costs

---

*Jessica Anne Olins, Maglio Christopher & Toale, PA, Seattle, WA, for Petitioner.*

*Zoe Wade, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On March 28, 2019, Darrell Barrett filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered right shoulder injuries as a result of an influenza vaccine administered on December 28, 2017. (Petition at 1-4). On December 16, 2020, a decision was issued awarding compensation to Petitioner based on the Respondent's proffer. (ECF No. 34).

Petitioner has now filed a motion for attorney's fees and costs, dated January 29, 2021, (ECF No. 38), requesting a total award of $24,781.51 (representing $23,634.90 in fees and $1,146.61 in costs). In accordance with General Order No. 9, Petitioner also has filed a signed statement indicating that he incurred no out-of-pocket expenses. (ECF No.

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

38-3). Respondent reacted to the motion on February 1, 2021, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, and deferring determination of the amount to be awarded to my discretion. (ECF No. 39). On February 1, 2021, Petitioner filed his reply requesting the fees and costs be awarded in full. (ECF No. 40).

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reason stated below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. at 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson*, 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

Petitioner requests the following rates of compensation for the work of her attorney Jessica Olins: $199 per hour for 2019; $225 per hour for 2020; and $275 per hour for 2021. (ECF No. 38-1 at 19). The rates requested for 2019 and 2020 are consistent with what Ms. Olins has been awarded for her work in the Vaccine Program in prior cases, and I shall therefore apply them herein.

However, although the proposed rate for Ms. Olins' 2021 work falls within the experience range provided in OSM's recently-updated rate chart for similarly-situated attorneys, I find the specifically-requested increase to be excessive.[2] Rather, based on my experience applying the factors relevant to determining proper hourly rates for Program attorneys,[3] a rate of **$266 per hour** is more appropriate for Ms. Olins' 2021 time. This reduces the amount to be awarded herein by **$29.70**.[4]

## ATTORNEY COSTS

Petitioner requests $606.21 in overall costs. (ECF No. 43-2 at 1). This amount is comprised of obtaining medical records, shipping costs, and the Court's filing fee. I have reviewed all the requested costs, find them to be reasonable, and therefore award the requested amount in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$24,751.81** (representing $23,605.20 in attorney's fees and $1,146.61 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel.[5] **Petitioner requests check be forwarded to Maglio Christopher & Toale, PA, 1605 Main Street, Suite 710, Sarasota, Florida 34236.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[6]

---

[2] The Attorneys' Fee Schedule for 2021 is available at http://www.uscfc.uscourts.gov/node/2914.

[3] *See McCulloch v. Health and Human Services*, No. 09–293V, 2015 WL 5634323 at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

[4] This amount consists of $275 – $266 = $9 x 3.3 hrs = $29.70.

[5] Petitioner requests check be forwarded to Maglio Christopher & Toale, PA, 1605 Main Street, Suite 710, Sarasota Florida 34236.

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master